UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: RECORE ANTITRUST LITIGATION                                            MDL No. 3106


ORDER DENYING TRANSFER


**Before the Panel:**[*]  Plaintiffs in four actions move under 28 U.S.C. § 1407 to centralize this litigation in the District of Colorado.  The litigation consists of four actions pending in four districts, as listed on Schedule A.  The Panel has been notified of one potentially related action pending in the Western District of Texas.  Defendants DET Diesel Emission Technologies, LLC, and Synergy Catalyst, LLC, oppose the motion and, alternatively, suggest centralization in the Northern District of Texas.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  Plaintiffs in these actions are a franchisor and three franchisees that provide diesel particulate filter (DPF) services to the diesel industry.  Defendants are suppliers of equipment and technology for "re-coring" or replacing the filter within a DPF, which they market under the name Recore.  Plaintiffs allege that the franchisee plaintiffs were induced to enter into contracts to use Recore equipment and technology based on defendants' false representations that, among other things, Recore was protected by a U.S. patent, and each franchisee would receive an exclusive territory for the use of Recore, be provided access to national accounts, receive professional sales assistance, and be permitted to terminate its relationship with defendants and return the Recore equipment for a full refund if it was not satisfied.  The actions likely will involve some common issues of fact relating to defendants' Recore equipment and technology, how Recore was marketed, and the terms of the contracts involved.

Nevertheless, we are not persuaded that centralization is warranted.  These are, at bottom, fairly straight-forward contract and misrepresentation actions.  Plaintiffs assert claims under the Sherman Act and argue that these claims will involve complicated factual issues and discovery relating to the definition of the relevant market and the effects of defendants' anticompetitive conduct.  Plaintiffs' antitrust claims, however, appear to be based on essentially the same

---

[*]  Judge Nathaniel M. Gorton did not participate in the decision of this matter.

allegations as their other claims.[1] In addition, certain complaints involve case-specific allegations. For instance, plaintiff in the Southern District of Texas *JGD Filters* action alleges that the Recore equipment supplied by defendants did not operate properly, and that defendants were unable to supply various materials as needed by plaintiff. Plaintiff in the Western District of Virginia *Iron Horse Transport* action alleges it was led to believe the Recore system could be used to service selective catalytic reduction units, but later found that it could not. Moreover, even allegations common to all plaintiffs will raise individual factual issues, such as what representations were made to each plaintiff, when, and by whom; whether plaintiffs justifiably relied on those representations in entering into contracts with defendants; and whether and how defendants failed to comply with the contract terms or otherwise acted inconsistently with representations they had made to plaintiffs. Discovery will be case-specific as to the pre-contract discussions and materials exchanged between defendants and each plaintiff, and as to defendants' conduct toward each plaintiff after contracts were entered into. None of the issues of fact seem particularly complex, and it seems unlikely that discovery will be extensive or time-consuming.

In addition, there are only five individual actions, all brought by common counsel. "[W]here . . . only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate," and "parties should attempt informal means of coordination before resorting to Panel intervention." *In re Nat'l Rifle Ass'n Bus. Expenditures Litig.*, 521 F. Supp. 3d 1353, 1354 (J.P.M.L. 2021) (internal quotations omitted). The three Texas actions are pending in neighboring districts. Defendants have filed a motion to dismiss the District of Colorado *DPF Alternatives* action for lack of personal jurisdiction, and plaintiff, in opposing that motion, has alternatively requested that the action be transferred to the Northern District of Texas under 28 U.S.C. § 1406 or § 1631. In the Western District of Virginia *Iron Horse Transport* action, defendants have moved to dismiss or for Section 1404 transfer to the Northern District of Texas on the ground of a forum selection clause.[2] Those motions may reduce the number of involved districts. Finally, even if the actions remain pending in multiple districts, informal coordination regarding any common discovery seems practicable, given that plaintiffs, like defendants, are represented by the same counsel in all actions. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (noting that parties could cross-notice depositions, stipulate that

---

[1] *See, e.g., DPF Alternatives* Compl., ¶ 81 (defendants "have excluded competitors from the DPF service market by falsely asserting that the DPF re-coring equipment and technology it manufactures and sells are . . . patented technology").

[2] The master services agreement signed by plaintiff Iron Horse Transport, which was submitted with movant's brief, provides that "[e]xclusive venue for any proceeding relating to this Agreement shall lie with the state and federal courts located in Dallas County, Texas." Defendants state that the agreements executed by all franchisee plaintiffs contain similar forum selection clauses.

- 3 -

discovery relevant to more than one action be usable in all those actions, seek orders from the involved courts directing coordination of pretrial efforts, or seek a stay).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

IN RE: RECORE ANTITRUST LITIGATION                                         MDL No. 3106

## SCHEDULE A

### District of Colorado

DPF ALTERNATIVES, LLC v. DET DIESEL EMISSION TECHNOLOGIES, LLC,
    ET AL., C.A. No. 1:23−02860

### Northern District of Texas

RTR DPF LLC v. DET DIESEL EMISSION TECHNOLOGIES, LLC, ET AL.,
    C.A. No. 4:24−00030

### Southern District of Texas

JGD FILTERS, LLC v. DET DIESEL EMISSION TECHNOLOGIES, LLC, ET AL.,
    C.A. No. 4:24−00061

### Western District of Virginia

IRON HORSE TRANSPORT, LLC v. DET DIESEL EMISSION TECHNOLOGIES,
    LLC, ET AL., C.A. No. 7:23−00791